IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>TIMOTHY CROWLEY,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-979<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>AGENT DAVIS,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-980<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>AL DIAZ,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-981<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>BRETT HERBST,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-982<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |

| | | |
|---|---|---|
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>DENNIS HAINES,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 4:13-CV-983<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>RAYMOND KONTZ,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 4:13-CV-984<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>JOHN MCCANN,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 4:13-CV-985 :<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>WILLIAM SIMMERS,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 4:13-CV-986<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |

## REPORT AND RECOMMENDATION

### INTRODUCTION

Earl Sampson is a convicted criminal defendant. *United States v. Sampson*, Cr. No. 4:11-CR-155. Notwithstanding this conviction, on April 17, 2013,

Sampson filed eight *pro se* lawsuits naming the police and prosecutors[1] who participated in his federal drug prosecution as defendants and alleging that they conspired to falsely arrest him. Thus, Sampson makes this false arrest claim in a case where he presently stands convicted.[2] On July 19, 2013 this Court ruled that his claim for malicious prosecution was barred because of his conviction (Doc. 10). His amended complaint seeks relief for "false arrest" which may not require resolution in his favor of the underlying criminal case. Thus we will review this claim for violation of his civil rights by a false arrest.

## PROCEDURAL HISTORY

Sampson filed his original *pro se* complaints on April 17, 2013. Magistrate Judge Carlson issued a report and recommendation (Doc. 4) screening the initial complaint pursuant to 28 U.S.C. § 1915A and recommending dismissal for failure to state a claim upon which relief may be granted without prejudice to Sampson's

---

[1] In paragraph 2 of the individual complaints Sampson identifies the defendants as follows:
| | |
|---|---|
| 13-cv-979 | Timothy Crowley - Scranton, Pa DEA |
| 13-cv-980 | Agent Davis - of the Scranton, PA DEA Office |
| 13-cv-981 | Al Diaz - of the PA State Police (Mounstourville [sic] PA – F-Troop) |
| 13-cv-982 | Brett Herbst - of the PA State Police (Mountoursville [sic] PA - F-Troop) |
| 13-cv-983 | Dennis Haines – of the PA State Police (Mountoursville [sic] PA – F-Troop) |
| 13-cv-984 | Raymond Kontz – of the Williamsport Police Dept. |
| 13-cv-985 | John McCann – of the Middle District PA (AUSA – "retired") |
| 13-cv-986 | Bill Simmers – AUSA – Middle District PA. |

[2] A notice of appeal was filed on April 19, 2013 and the Third Circuit has dismissed his appeal (Case No. 13-2213). Even if Sampson should seek Supreme Court review the pendency of an appeal does not alter Sampson's status as "convicted." *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

right to file an amended complaint within 20 days of the dismissal order. Judge Brann adopted the Report and Recommendation in its entirety and remanded the case to Magistrate Judge Carlson on July 19, 2013 for further proceedings "including a review of plaintiff's amended complaint." (Doc. 7). For over ninety days after the original complaints were dismissed by Judge Brann no amended complaint was filed on any of the eight cases. These eight cases were then referred to me for "all further proceedings" (Doc. 8). On October 29, 2013, I entered an Order (Doc. 13) instructing Sampson to file amended complaints within 20 days curing the defects noted in the July 19, 2013 Report and Recommendation (Doc. 4) or suffer dismissal of the action with prejudice. A document was filed on November 21, 2013 (Doc. 13) entitled: "SUPPLEMENTAL FACTS TO PETITION FILED ON APRIL 17 2013 (Doc. 4) AS ORDERED BY THE COURT (Doc. 9) FILED 10-29-12 – "TO AMEND COMPLAINT" (sic)." Although inarticulate as an "amended complaint" and filed two days late, the Court will treat the document as a timely amended complaint for the purposes of screening and recommendation. First a review of the underlying criminal cases is needed.

**History of the Earl Sampson Criminal Prosecution**

Earl Sampson was the subject of two federal prosecutions in the Middle District of Pennsylvania relevant to these proceedings: U.S. v. Best et al., 4:07-cr-00389 and U.S. v. Sampson, 4:11-cr-00155.

**The Initial Sampson Case (4:07-CR-0389)**

[All document numbers refer to 07-CR-0389]

On September 27, 2007, Earl Sampson was indicted for conspiracy to distribute cocaine base, also known as "crack" and other drug related offenses. (Doc. No. 1). The court docket number assigned to this case was 4:07-cr-00389. Three superseding indictments followed (Doc. Nos. 101, 154, & 435).

An arrest warrant for Sampson was issued on September 28, 2007, and later returned executed on October 2, 2007. (Doc. No. 8). Sampson entered a Not Guilty Plea on October 3, 2007. (Doc. No. 31). On October 5, 2007, Sampson was detained pending trial. (Doc. No. 58). The case was initially assigned to the Honorable Malcolm Muir, reassigned to the Honorable James McClure, and then reassigned to the Honorable Thomas Vanaskie.

The Defendant filed numerous motions, including, amongst others:

Motion for Bail (Doc. No. 120);
Motion to Exclude Certain Trial Dates (Doc. Nos. 237, 782);
Motion for Disclosure of Informants (Doc. No. 286);
Motion to Compel Discovery (Doc. No. 287);
Motion to Suppress Evidence (Doc. No. 288);

Motion for Disclosure of Early Jencks Material (Doc. No. 289);
Motion to Continue Jury Selection and Trial (Doc. No. 422);
Motion to Sever Defendant (Doc. No. 516);
Motion to Revoke Pretrial Detention and To Order Pretrial Release (Doc. No. 969);
Motion to Dismiss Indictment (Doc. No. 1069);
Motion to Dismiss Counts19 and 21 (Doc. No. 1082);
Motion to Dismiss the Indictment due to the Speedy Trial Act (Doc. No. 1287); and,
Various assorted Motions (Doc. Nos. 1304–15; 1324–27);

On April 11, 2011, Chief Judge Kane granted Defendant's *pro se* motion to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and dismissed the charges against Sampson without prejudice. (Doc. No. 1340).

**The Second Sampson Case (4:11-CR-0155)**

[All document numbers refer to 11-CR-0155]

On April 28, 2011, a Grand Jury returned an indictment charging Sampson with conspiracy to distribute cocaine base, also known as "crack," and distributing, or aiding and abetting in the distribution of "crack." (Doc. No. 1). On May 5, 2011, the Defendant appeared before M.J. Arbuckle pursuant to summons and was released on bail. (Doc. Nos. 9, 14). It appears that this case is based on the same factual allegations contained in the initial case, 4:07-cr-389. *Compare* 4:11-cr-00155; Doc. No. 1; Counts 1, 2 (charging Sampson with conspiracy, as well as aiding and abetting, to distribute crack in the Lycoming County area, within 1000 feet of public housing and playgrounds, for a time period ranging from January

1996 thru October 2007), *with* 4:07-cr-00389; Doc. No. 1; Counts 1, 19, 21 (charging Sampson with conspiracy, as well as aiding and abetting, to distribute crack in the Lycoming County area, within 1000 feet of public housing and playgrounds, for a time period ranging from January 2003 thru August 2007).

**The Plea Bargain and Guilty Plea**

On February 10, 2012, Defendant entered a guilty plea before Judge Vanaskie (Doc. No. 80) to the conspiracy count with the stipulation that the quantity of crack was in excess of 28 grams.

The Court accepted the plea, but delayed acceptance of the plea agreement until a presentence report was prepared by the United States Probation Office. On April 5, 2012, the Presentence Report was prepared and submitted to the parties. On May 9, 2012, the probation office prepared and submitted a Bail Violation Report. On May 14, 2012, the probation office issued a redacted report. That report indicated that neither the Government nor Sampson had any objections to the Presentence Report. The Court set June 5, 2012, for a sentencing date for Sampson. Sampson filed a motion for a continuance of the sentencing date which, as a result, was re-scheduled for June 26, 2012. On June 15, 2012, Sampson filed another motion to continue the sentencing hearing. (Doc. No. 90). The motion was granted and the sentencing date was rescheduled to August 30, 2012. (Doc. No. 91). On August 17, 2012, Sampson filed a motion and supporting brief to

withdraw his prior guilty plea. (Doc. Nos. 94, 95). The motion was denied on March 20, 2013. (Doc. No. 99).

On April 8, 2013, judgment against Sampson was imposed, finding him guilty of Conspiracy to Distribute Controlled Substances. (Doc. No. 106). Defendant filed an appeal on April 8, 2013. (Doc. No. 107). The Third Circuit Court of Appeals issued a summary affirmance of the judgment on July 9, 2013. *United States v. Sampson*, 13-2213. Sampson petitioned for an en banc rehearing, which was subsequently denied on September 9, 2013.

Thus, Samson stand s before this court properly convicted of Conspiracy to Distribute Controlled Substances. His civil case against the officers that participated in his conviction is now before this court for resolution.

## DISCUSSION

### A. Initial Screening of *Pro Se* Complaints

This court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.
> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679.

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated: [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement

with its facts. *Fowler*, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief

beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. Application of the screening standard to this complaint

The amended complaint (Doc. 14) fails to state a claim upon which relief can be granted. The defendant apparently seeks both money damages for false arrest and the termination of his criminal conviction in this 1983 civil rights case.[3]

**Request for Acquittal**

As indicated earlier, his conviction is based upon his plea of guilty, a conviction upheld on appeal. Even if his civil rights were violated, the remedy under 42 U.S.C. §1983 is money damages, not an acquittal. To the extent that his Complaint and Amended Complaint can be read to seek acquittal as a remedy his claim should be dismissed.

**Request for Relief based upon Fraud**

In his original complaint (Doc. 1, paragraph 3) Sampson alleges a violation of Federal Rule 60(b) and the 4th Amendment but does not specify which Federal Rule (Civil Procedure, Criminal Procedure, or Evidence). In paragraphs 11, 14, & 15 of his Amended Complaint (Doc. 14) he cites F.R.Civ.P. 60(b). F.R.C.P. 60(b) which provides "Grounds for Relief from a Final Judgment, Order or Proceeding."

---

[3] Sampson's Amended Complaint (Doc. 14) seeks to clarify his original complaint, explaining that *he* is claiming only a false arrest, not a malicious prosecution (Doc. 14, paragraphs 3 & 4). .

Sampson asserts that he is entitled to relief from his "judgment" (his conviction) because of fraud. Fraud is a ground for relief under F.R.C.P. 60(b)(3), but that rule, by its terms, only applies to relief from civil, not criminal judgments.

**Request for Money Damages based upon False Arrest Claim**

Sampson's Amended Complaint clearly states that his claim is NOT one of "malicious prosecution" (Doc. 14, paragraph 3) which requires a favorable termination of his criminal prosecution, but rather a "False Arrest Claim only against the police officers" (Doc 14, paragraph 4).[4] Unlike a malicious prosecution claim, it is not clear under Pennsylvania law if a claim for false arrest can be made out without an acquittal of the resulting criminal charge. Because of that uncertainty we will review his false arrest claim.

**Application of the Statue of Limitations to the False Arrest Claim**

While state law governs the applicable statute of limitations[5], federal law controls when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Accrual occurs "when the plaintiff has a complete and present cause of action." Id. (citations omitted) (internal quotation

---

[4] To the extent that he makes other allegations they are barred as failing to state a claim upon which relief can be granted for the reasons outlined in Judge Carlson's Report and Recommendation (Doc. 4) adopted by Judge Brann (Doc. 10).

[5] The Pennsylvania statute of limitations for a false arrest claim is 2 years:
"The following actions and proceedings must be commenced within two years:
(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process." 42 Pa.C.S. §5524.

marks omitted). Here, the two year limitations period for Sampson's false arrest and imprisonment claims began when he became "detained pursuant to legal process." Id. at 397, 127 S.Ct. 1091; see also *Dique*, 603 F.3d at 185–86 (determining that the cause of action accrues when the complainant indisputably knows about the faults of the search); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir.1998); *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 184 (3d Cir. 2013). Sampson was originally arraigned on October 2, 2007 (Doc. 31, at Case No. 4:07-CR-00389). Accordingly, his false arrest and imprisonment claims accrued upon that date. Either he was not required to wait until a favorable resolution of the resulting criminal case to seek damages for false arrest or this claim must fail because he did not have a favorable outcome in the criminal case. However, he did not file his complaint in this case until April, 2013, more than five years after his initial arraignment. Accordingly, the District Court should dismiss the §1983 False Arrest claim as time barred. [6]

We note further that even if his claim was not time barred, the arrest in this case was not improper. We conclude that the police had probable cause to believe he was involved in the drug conspiracy beyond the information provided by DEA

---

[6] Sampson alleges that DEA Agent Crowley lacked probable cause to accuse Sampson because of an admitted mistake during the investigation that incorrectly placed Sampson at the scene of a drug buy involving co-defendant Dorothy Robinson (Doc. 1, pages 3-8), however there is no allegation that he was "arrested" at that time. The arrest warrant in his original federal criminal case was issued based upon an indictment. The warrant was issued on 09/27/07 (Doc. 7 at Case No. 4:07-CR-00389) and he was arraigned on 10/02/07.

Agent Crowley regarding the "man who rode away on the bicycle."[7] Even if Crowley knew that the bicycle man was not Sampson when he made his original report (Crowley testified he only learned later that Sampson was misidentified by witnesses on that particular day), that was not the only basis for Sampson's inclusion in the indictments. Based on the recitation of the manner and means of the conspiracy there were clearly other reason for his indictment and his voluntary entry of a guilty plea.

**Dismissal of claims against prosecutors**

Sampson concedes in his amended complaint that Defendant's McCann and Simmers (Federal Prosecutors) are excluded from this lawsuit (Doc. 14, paragraph 2). The cases against them should be dismissed for that reason.

**RECOMMENDATION**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint against all eight defendants be dismissed for failure to state a claim, this time with prejudice.

December 19, 2013   *s/William I. Arbuckle III*
U.S. Magistrate Judge

---

[7] See previous footnote.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>TIMOTHY CROWLEY,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-979<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>AGENT DAVIS,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-980<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>AL DIAZ,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-981<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>BRETT HERBST,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-982<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |

| | | |
|---|---|---|
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>DENNIS HAINES,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-983<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>RAYMOND KONTZ,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-984<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>JOHN MCCANN,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-985 :<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |
| EARL SAMPSON,<br>Plaintiff<br><br>v.<br><br>WILLIAM SIMMERS,<br>Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 4:13-CV-986<br><br>(Judge Brann)<br><br>(Magistrate Judge Arbuckle) |

## NOTICE of REPORT & RECOMMENDATION

NOTICE IS HEREBY GIVEN that the Magistrate Judge has entered the foregoing Report and Recommendation.

Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> **Any party may object** to a magistrate judge's pro osed [sic] findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within fourteen (14) days after being served** with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply**. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions. M.D.Pa. LR 72.3 (2010). (emphasis added).

Signed on December 19, 2013.

> s/ William I. Arbuckle III
> WILLIAM I. ARBUCKLE III
> UNITED STATES MAGISTRATE JUDGE